Honorable Marsha J. Pechman

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

APPLE INC., a California corporation,

           Plaintiff,

           v.

SAMSUNG ELECTRONICS CO., LTD., a Korean
business entity; SAMSUNG ELECTRONICS
AMERICA, INC., a New York corporation;
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, a Delaware limited liability
company,

           Defendants.

Misc. Case No. 12MC27

**SAMSUNG'S OPPOSITION TO
MICROSOFT'S MOTION TO QUASH
THIRD-PARTY SUBPOENA**

Related to Civil Action 5:11-cv-01846
Pending in United States District Court
for the Northern District of California, San
Jose Division

In Re: Subpoena Issued to Third-Party
Microsoft Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -1

FROMMER LAWRENCE & HAUG LLP
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

1       **MEMORANDUM IN OPPOSITION TO MICROSOFT'S MOTION TO QUASH**

2               This discovery dispute involves a third-party subpoena (the "Subpoena") served on

3       Microsoft Corp. ("Microsoft") by Samsung Electronics Co., Ltd.; Samsung Electronics America,

4       Inc.; and Samsung Telecommunications America, LLC (collectively, "Samsung") on February

5       27, 2012.  The narrow Subpoena sought evidence relating to one fact and one fact alone: the date

6       of conception and reduction-to-practice of United States Patent 7,933,632 (the "'632 Patent")

7       issued to Flynt et al. and assigned to Microsoft on its face.  This information is important to

8       Samsung's invalidity defenses in underlying patent-infringement litigation in the Northern

9       District of California, and is "relevant" as that term is defined in the Federal Rules of Civil

10      Procedure.  Because the time for compliance specified in the Subpoena was reasonable given the

11      narrow scope of the requests, and because the requests do not pose undue burden to Microsoft,

12      Samsung respectfully requests that the Motion to Quash be DENIED, and that Microsoft be

13      ordered to promptly comply with the requests specified in the original Subpoena.

14      **I.      Introduction**

15              **A.      The Underlying Litigation**

16              The Subpoena at issue arises out of a patent-infringement action initiated by Apple, Inc.

17      ("Apple") against Samsung in the Northern District of California.  Apple has asserted fifteen

18      counts of patent infringement based on eight United States utility patents and seven design

19      patents, as well as claims for federal Trade Dress, Trademark, and common law trademark

20      infringement.  In response, Samsung has asserted twenty-four affirmative defenses, sought a

21      declaration that Apple infringes twelve of its United States utility patents, and sought a

22      declaration that each of the Apple patents asserted against it are invalid for lack of novelty

23      and/or obviousness.  The utility patents asserted by Apple against Samsung relate to graphical

24      user interfaces and multi-touch technology for handheld devices, including "smart phones."

25              The scope of discovery in the underlying litigation has been extensive.  Millions of pages

26      of documents have been produced by the two parties, and Samsung has sought third-party

27      discovery from at least thirty-six entities.  These discovery proceedings have taken place over

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -2

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

1    only approximately the past six months pursuant to the District Court's expedited case

2    management schedule.  On March 8, 2012, fact discovery closed.

3              **B.      The Subpoena In Question**

4          The Subpoena was served on Microsoft's registered agent for service of process in

5    Sacramento, California 10 days prior to the close of discovery in the underlying litigation, on

6    February 27, 2012.  (*See* Subpoena: Schmidt Decl. at Ex. A).  The Subpoena sought four narrow

7    categories of documents limited to the conception and reduction to practice of a single Patent

8    owned by Microsoft.  Samsung offered to further narrow the scope and subject-matter of the

9    requests over the next several days, but no agreement was reached.  On March 6, 2012,

10   Microsoft served the present Motion to Quash.

11   **II.    Argument**

12             **A.      The Subpoena Seeks Discovery Of Relevant Evidence.**

13         The subject of Samsung's third-party discovery requests is United States Patent

14   7,933,632, issued to Flynt et al.  (*See* '632 Patent: Schmidt Decl. at Ex. B).  The Patent, entitled

15   "Tile Space User Interface for Mobile Devices," was filed on June 16, 2006 and purports to

16   claim priority to a provisional application filed on September 16, 2005.  The subject-matter

17   disclosed in the '632 Patent relates to graphical user interfaces for handheld devices like those

18   claimed by the Apple patents in the underlying litigation.  The abstract states that the claims

19   involve "[s]ystems and methods for providing a user interface for mobile devices enable data

20   and services available through the mobile device to be represented as a set of tiles maintained in

21   a display space." (Schmidt Decl. at Ex. B).

22



23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -3

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

Many features disclosed in the '632 Patent read directly on and invalidate claims in the Patents asserted against Samsung by Apple.  However, given that the priority and filing dates cited on the face of the '632 Patent post-date many of the relevant Apple patents, Apple may contest whether the published patent application or the document *itself* will qualify as "prior art." Therefore, Samsung would like to establish that Microsoft *invented* the subject-matter of the '632 Patent prior to Apple.  Section 102(g) of the United States Patent Act states:

> A person shall be entitled to a patent unless—
>
> *   *   *
>
> before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of *conception* and ***reduction to practice*** of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g)(2).  Simply put, if Microsoft conceived of the inventions disclosed in the '632 Patent prior to those disclosed in the relevant Apple patents (even though the priority and filing dates on the face of the '632 patent are later), the '632 will qualify as "prior art" and may be included in Samsung's invalidity defenses against Apple for lack of novelty and obviousness. *See Optimumpath, LLC v. Belkin Int'l, Inc.*, No. 09-1398, 2010 WL 4279501, at *2 (N.D. Cal. Oct. 22, 2010) (authorizing third-party deposition after discovery deadline when subpoena was served the day before discovery deadline – discovery was permitted to allow defendant to explore whether third-party's system qualified as prior art under the Patent Act).

The importance of this Section 102(g) prior-art theory became apparent only very late in discovery proceedings.  Leading up to Samsung's service of the Subpoena at issue here, Apple twice amended its Interrogatory Responses dealing with the conception and reduction to practice of *its* asserted patents (including an amendment on February 27th, the *same* day Samsung in turn served the Subpoena on Microsoft).  In the ten days between the service of the February 27th Subpoena on Microsoft and the close of fact discovery in the underlying litigation, Apple has amended its alleged conception and reduction to practice dates three *additional* times.  In light of

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -4

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

1   these recent amendments, establishing the prior art in the underlying litigation has become like

2   shooting at a moving target.   By February 27th, Samsung was forced to either serve the

3   Subpoena on Microsoft in an effort to prove a favorable conception and reduction to practice

4   date of the '632 Patent, or risk losing the ability to cite its subject-matter as a prior art reference.

5   **B.      The Subpoena Does Not Provide An Unreasonably Short Period of Time For
            Compliance.**

6   
7           Despite Microsoft's allegations to the contrary, the time for compliance set forth in the

8   February 27th Subpoena was 10 days.  The Subpoena was served on Microsoft's registered agent

9   for service of process in Sacramento, California on February 27th and requested the production

10  of documents and a short deposition on March 8th.  This was not an "unreasonably short

11  response time."  Because "[t]he provisions of Rule 45 dealing with objections to a subpoena

12  specifically contemplate that less than 14-day service may be proper," service "at least 10 days

13  before the deposition or production is customary, but not mandatory."   Judge William W.

14  Schwarzer, et al., *Rutter Group Practice Guide: Fed. Civ. P. Before Trial – California Practice

15  Guide* (Rutter Group 2011) ¶ 11:2277, *citing* Fed. R. Civ. P. 45(c)(2)(B); *see also E. Maine

16  Baptist Church v. Regions Bank*, No. 4:05-cv-962, 2007 WL 1445257, at *1 n.1 (E.D. Mo. May

17  10, 2007) (subpoena setting forth eleven-day time for compliance was not presumptively

18  unreasonable).  In its Motion To Quash, the only case Microsoft cites from the Ninth Circuit

19  actually *supports* Samsung's position that for a deposition subpoena, "10 days' notice is

20  customary."  *In re Stratosphere Corp. Secs. Lit.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

21          Even if the 10-day period for compliance raises questions regarding the Subpoena's

22  reasonableness, this is mitigated by the narrow scope of its requests. The scope of the four

23  document requests and six deposition topics are limited by subject matter and time.  They seek

24  evidence related to a single topic (invention date) of a single patent (the '632 Patent).

25  Additionally, although some of the requests can be construed as seeking information relating to

26  particular embodiments and Microsoft products practicing the claimed invention, Samsung made

27  clear during meet-and-confer sessions that it was interested in discovering just *one* relevant fact:

28  

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -5

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

1   the date on which the '632 Patent entered the public domain and became part of the prior art

2   under Section 102(g).

3        Additionally, Counsel for Samsung made repeated offers to Microsoft to narrow these

4   modest requests even further between February 27th and March 8th.  (Schmidt Decl. at Ex. C).[1]

5   Microsoft rejected these offers.  From the tone and tenor of the negotiations, it was made

6   apparent to Samsung that Microsoft was not willing to provide Samsung *any* discovery on *any*

7   topic, no matter how narrow the requests.

8   **C.**    **The Fact That Microsoft Failed To Comply With The Subpoena Within The Discovery Period Does *Not* Justify Quashing The Subpoena.**

9

10        Section III of Microsoft's Memorandum of Law should be disregarded in its entirety.

11   Each of the cases cited by Microsoft in that section relate to the situation in which a subpoena

12   specifies a time for compliance *after* the close of discovery.  *See Integra Lifesciences, Ltd. v.*

13   *Merck KGaA*, 190 F.R.D. 556, 560 (S.D. Cal. 1999) (denying defendants' request to take a "trial

14   deposition" of a witness nearly eleven months after the close of fact discovery); *Marvin Lumber*

15   *& Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) (prohibiting defendant

16   from serving third-party subpoena having return date *after* discovery deadline).  By contrast, the

17   Subpoena in this case specified a return date on the final day for discovery, and contrary to

18   Microsoft's assertion, did not seek a "deadline-busting response."

19        It makes no difference that Microsoft refused to comply with the Subpoena, and the issue

20   is now in post-deadline motion practice.  Northern District of California Local Rule 37-3

21   expressly authorizes a motion to compel third-party discovery up to seven days after the

22   discovery cut-off.  The possibility that discovery, properly served with a return date on or before

23

24

25

---

26      [1]   These two offers were significant concessions on the part of Samsung, which were made without prejudice to seek the full scope of discovery sought by the subpoenas.  If Microsoft's

27   Motion to Quash is denied, Samsung asks that the Court order Microsoft to comply with the Subpoena as originally served, and not as narrowed in subsequent negotiations.

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH       **FROMMER LAWRENCE & HAUG LLP**
THIRD-PARTY SUBPOENA FILED BY MICROSOFT       1191 SECOND AVENUE
Misc. Civil Case No. 12MC27 -6       SEATTLE, WASHINGTON 98101
       (206) 336-5690

1  the discovery deadline, might only be forthcoming upon a court order issued *after* the discovery

2  deadline, is specifically contemplated by the Local Rules governing the underlying litigation.[2]

3  Finally, it is worth noting that the Northern District of California has even permitted

4  parties to seek discovery with a return date *after* the discovery deadline under some

5  circumstances:

6  When considering a motion for leave to take additional discovery after the cut-
   off, the court shall consider all relevant factors, including: (1) the moving
7  party's diligence; (2) the foreseeability of the need for additional discovery; (3)
   the trial schedule; (4) any response from non-moving and third parties; (5) the
8  likelihood that the discovery will lead to relevant evidence; and (6) any
   prejudicial effect.
9

10  *Optimumpath*, 2010 WL 4279501, at *2, *citing Tyco Thermal Controls LLC v. Redwood Indus.*,

11  No. 06-7164, 2010 WL 2353533, at *2 (N.D. Cal. June 9, 2010).  Here, Samsung exercised

12  reasonable diligence on this issue considering the scale and scope of discovery in the underlying

13  litigation, as well as Apple's continuously shifting allegations with respect to the conception of

14  its own patents.  Trial of the underlying matter is scheduled for late July, and Samsung's modest

15  discovery requests will in no way impact the litigation schedule going forward. The evidence

16  sought is highly relevant and could very well determine whether the '632 Patent will qualify as

17  prior art for purposes of this important patent-infringement suit, affecting a nation-wide market.

18  Finally, in light of the Subpoena's narrow scope, the potential prejudicial effect to Apple (or to

19  Microsoft, for that matter) is minimal.  Therefore, even if Samsung's requests were untimely

20  (they were not), this fact would still not justify quashing the Subpoena.

21       **D.    The Subpoena Does Not Subject Microsoft To Undue Burden Or Threaten
                 To Adversely Affect Its Interests.**
22

23  Microsoft's position appears to be that providing any evidence whatsoever of the

24  conception and reduction-to-practice date of the '632 patent would be infeasible.   This

25  contention is difficult to believe.  The Patent is assigned to Microsoft on its face.  The seven

26       [2]   The Local Rules of this Court require discovery to be served so that responses are due 120
   days prior to trial.  W.D. Wash. Civ. L.R. 16(f).  Trial of the underlying matter is scheduled for
27  July 30, 2012; therefore, if the underlying litigation were taking place in this district, any
   discovery calling for a response before April 2, 2012 would have been timely.
28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH                **FROMMER LAWRENCE & HAUG LLP**
THIRD-PARTY SUBPOENA FILED BY MICROSOFT                         1191 SECOND AVENUE
Misc. Civil Case No. 12MC27 -7                              SEATTLE, WASHINGTON 98101
                                                                  (206) 336-5690

1    inventors are presumably Microsoft employees who invented the subject-matter of the Patent

2    within the scope of their employment.  Even the prosecuting attorney named on the '632 Patent

3    is from the same firm representing Microsoft in this Motion to Quash.  In light of these facts, it

4    should not be too much to ask for Microsoft to merely identify a general time frame by which

5    those ideas were conceived and reduced to practice.

6            To assist Microsoft in responding to the Subpoena, counsel for Samsung identified six,

7    discrete features within the '632 Patent to which it was willing to limit all discovery requests:

8        • The " improved user interface for mobile devices such as smartphones, personal digital
           assistants (PDAs) and the like" see 2:6-8, which "can include a set of dynamic tiles."
9          Flynt 2:15.

10       • The "navigation component" that "controls movement through the tile space."  Flynt
           6:35-49 and Claim 13.
11

12       • "Movement within the tile space need not be limited to simple vertical or horizontal
           panning."  Flynt 10:44-45.

13       • "By indicating movement, the user can reposition the display screen indicator within
           the tile space and thereby update the portion of the tile space to be displayed."  Flynt
14         11:32-35, and Figure 8.

15       • "[T]he user can select a tile and on zoom in, the selected tile can be displayed as the
           active tile, centered in the mobile device display screen."  Flynt 11:35-37 and Claim
16         16.

17       • "Zooming out allows a user to determine current location within the tile space . . .
           [d]uring zoom out, smaller representations of tiles can be used to allow for the display
18         of additional tiles within the display screen of the mobile device."  Flynt 11:17-20;
           11:24-27.[3]
19

20   *See* Schmidt Decl. at Ex. C.

21   Additionally, in its final offer to resolve this discovery dispute informally on March 1, 2012,

22   Samsung even indicated that it was not asking Microsoft to pinpoint conception and reduction to

23   _____

24        [3]    Despite Samsung offering to narrow all of its discovery requests to these six topics,
     Microsoft continues to assert in its Motion to Quash that Samsung has provided "no specificity
25   as to which portions of the patent are relevant to the underlying dispute." (Microsoft Motion at
     8).    Although it acknowledges that Samsung has narrowed its requests to "new" topics,
26   Microsoft asserts that such narrowing is irrelevant because it does nothing to reduce the
     "universe" of documents Microsoft must review.   (*Id.*)   If credited, this argument would
27   immunize any entity with a sufficiently large "universe" of documents from *any* third-party
     discovery request, no matter how narrow.

28

1   practice with absolute certainty.   Recognizing that conception in large organizations is

2   sometimes a "fluid" process, Samsung offered to depose a witness who was willing to testify

3   merely on the "general timeframe of conception and reduction to practice (say within a 1-2

4   month range)."  Again, no counter-proposal was offered by Microsoft.

5          Finally, Microsoft cannot claim undue burden based on the vague and speculative

6   argument that providing evidence in this matter *might* somehow adversely affect its future

7   interest in the '632 Patent.   As already discussed, Samsung has asked only for a "general

8   timeframe" for conception of the six discrete features it has identified.  The risk to Microsoft's

9   interest in the '632 Patent is therefore minimal, and is not outweighed by the relevancy of the

10  evidence to the underlying litigation.   Nevertheless, Samsung is sensitive to Microsoft's desire

11  not to prejudice its ability to later claim a priority date earlier than the date to which its witness

12  might testify under this Subpoena.   Samsung therefore offers to modify its discovery requests

13  regarding dates for conception and reduction to practice to "no-later-than" dates, *so long* as

14  Microsoft agrees to make a good faith effort to identify dates as close to the actual dates as is

15  feasible.

16  **III.      Conclusion**

17          The Subpoena seeks highly relevant information that directly impacts Samsung's

18  invalidity defenses in major patent-litigation affecting an important, nation-wide market.  The

19  Subpoena does not subject Microsoft to undue burden.  The relatively short time for compliance

20  is mitigated by the Subpoena's narrowly tailored requests.   Further, Samsung has made

21  considerable concessions and multiple efforts to narrow these requests even further.  For these

22  reasons, the Motion to Quash should be DENIED and Microsoft should be compelled to comply

23  with the third-party discovery requests as drafted in the February 27th Subpoena (and as

24  modified by Samsung's offer to accept "no-later-than" dates in the final paragraph of Section

25  II.C).

26

27

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -9

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 336-5690

1   Respectfully submitted,

2   FROMMER LAWRENCE & HAUG LLP

3

4   Dated:  March 19, 2012          By:   s/ Mark P. Walters
                                          Mark P. Walters, WSBA No. 30819
                                          Dario A. Machleidt, WSBA No. 41860
5                                         1191 Second Avenue, Suite 2000
                                          Seattle, WA 98101
6                                         Telephone: (206) 336-5690
                                          Facsimile: (206) 336-5691
7                                         Email:  mwalters@flhlaw.com
                                                  dmachleidt@flhlaw.com
8
                                          Of Counsel:
9
                                          QUINN EMANUEL URQUHART &
10                                        SULLIVAN, LLP

11                                        Todd Briggs (*pro hac vice* application
                                          forthcoming)
12                                        toddbriggs@quinnemanuel.com
                                          555 Twin Dolphin Drive, 5th Floor
13                                        Redwood Shores, California  94065
                                          Telephone: (650) 801-5000
14                                        Facsimile: (650) 801-5100

15                                        Patrick T. Schmidt (*pro hac vice* application
                                          forthcoming)
16                                        patrickschmidt@quinnemanuel.com
                                          865 S. Figueroa St., 10th Floor
17                                        Los Angeles, California 90017
                                          Telephone: (213) 443-3000
18                                        Facsimile: (213) 443-3100

19                                        *Attorneys for Defendants* SAMSUNG
                                          ELECTRONICS CO., LTD.; SAMSUNG
20                                        ELECTRONICS AMERICA, INC.; and
                                          SAMSUNG TELECOMMUNICATIONS
21                                        AMERICA, LLC

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO MOT. TO QUASH
THIRD-PARTY SUBPOENA FILED BY MICROSOFT
Misc. Civil Case No. 12MC27 -10

**FROMMER LAWRENCE & HAUG LLP**
1191 SECOND AVENUE
SEATTLE, WASHINGTON  98101
(206) 336-5690

## CERTIFICATE OF SERVICE

1

2          I, Mark P. Walters, hereby certify that on March 19, 2012, I caused the foregoing

3    to be served on the following parties by e-mail and/or the Court Electronic Filing System

4    (ECF):

5

6          Gary H. Levin
           Woodcock Washburn LLP
7          2929 Arch Street
           Cira Centre, 12th Floor
8          Philadelphia, Pennsylvania 19104
           levin@woodcock.com
9
           Mark D. Selwyn
10         Wilmer Cutler Pickering Hale and Dorr, LLP
           950 Page Mill Road
11         Palo Alto, California, 94304
           mark.selwyn@willmerhale.com
12
           Brian Larivee, Esq.
13         Wilmer Cutler Pickering Hale and Dorr, LLP
           60 State Street
14         Boston, MA 02109
           brian.larivee@wilmerhale.com
15
           Mia Mazza
16         Morrison & Foerster LLP
           425 Market Street
17         San Francisco, CA 94105-2482
           MMazza@mofo.com
18

19   DATED: March 19, 2012                      s/ Mark P. Walters
                                                Mark P. Walters, WSBA No. 30819
20                                              Dario A. Machleidt, WSBA No. 41860
                                                FROMMER LAWRENCE & HAUG LLP
21

22

23

24

25

26

27

28
     SAMSUNG'S OPPOSITION TO MOT. TO QUASH          FROMMER LAWRENCE & HAUG LLP
     THIRD-PARTY SUBPOENA FILED BY MICROSOFT           1191 SECOND AVENUE
     Misc. Civil Case No. 12MC27 -11                 SEATTLE, WASHINGTON 98101
                                                         (206) 336-5690