UNITED STATES DISTRICT COURT
For the
WESTERN DISTRICT OF WASHINGTON

**In Re:  Subpoena Issued to Non-Party Microsoft Corporation**
-------------------------------------------------------

**APPLE, INC.,**
  Plaintiff,

v.

**SAMSUNG ELECTRONICS CO., LTD.,**
  Defendant

)
)
)
)
)
)
)
)
)
)
)

**Misc. Case No. C12-476 (RAJ)**

Related to Civil Action 5:11-cv- 01846 Pending in U.S. District Court for the Northern District of California

**REPLY IN SUPPORT OF MOTION OF NON-PARTY MICROSOFT TO QUASH SUBPOENA SERVED BY SAMSUNG**

Samsung's opposition confirms that Samsung could have avoided the burden it placed on Microsoft by having served a subpoena so close to the discovery cut-off.  The dates of the Microsoft patent are public record.  If, as Samsung contends, Apple "only very late" in discovery made assertions that allegedly made the conception or reduction-to-practice dates of Microsoft's underlying invention relevant, Samsung should have requested an extension of the discovery schedule, thereby allowing it to have set a later response date.  But since that was not done, Samsung must bear responsibility for the unreasonably short period it did provide.

The seven business days that Samsung effectively demanded for response, running right to the discovery close in the California action, was not reasonable.[1]  None of the cases Samsung cites in its opposition approved subpoena response periods of 10 days or fewer where the requestor was at some fault in necessitating the shortened period.

---

[1] Although Samsung asserts that the time for compliance was 10 days, effectively there were only 7 business days, considering the weekend and the fact that the deposition and production were requested for 9am on the last day, effectively eliminating it for preparation.

Rather, case law strongly favors providing a minimum of 14-calendar/10-business days for response. *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, 38 Media L. Rep. 1940 (E.D.N.Y 2010) (14 days from the date of service is presumptively reasonable time to comply; 7 days unreasonable); *Memorial Hospice, Inc. v. Norris*, 2008 U.S. Dist. LEXIS 92618, *2-3 (N.D. Miss. 2008) (8 days unreasonable) *Biological Processors of Ala., Inc. v. N. Ga. Envt. Servs.*, 2009 U.S. Dist. LEXIS 60371, *7-8 (E.D. La. 2009) (14 days presumptively reasonable; 7 days unreasonable; court modified subpoena to 26 days) (citing cases); *Mann v. Univ. of Cincinnati*, 824 F. Supp. 1199-1203 (S.D. Ohio 1996), aff'd (6th Cir. 1997):

> A person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena *or before the time specified for compliance if such time is less than 14 days after service*, serve objections to the inspection. (Emphasis supplied). The emphasized language does not give the attorney unfettered discretion to issue a subpoena for production in less than 14 days. It simply recognizes there may be exigent circumstances requiring such action in an unusual case.

*Id*. at 1201, n.6.  There are no exigent circumstances here, where Samsung should have asked the California court for an extension, to be passed on to Microsoft in the time allotted for response. That Apple may have served its contentions late does not permit Samsung to force Microsoft, a non-party to the action, to scramble to make up for it.

Samsung criticizes Microsoft's reliance on *Marvin Lumber*[2] (Opp. at p. 6) – since in that case the return date of the subpoena, which was ultimately quashed, was *originally* set to be after the close of discovery – Samsung ignores the fact that, given the late service date of its own subpoena, the only way its return date could have been *reasonably* spaced is if it too, as in

---

[2] *Marvin Lumber and* Cedar *Co. v. PPG Industries, Inc.*, 177 F.R.D. 443 (D. Minn. 1997)

2

*Marvin Lumber*, had been set after the discovery close.  It was therefore Samsung's obligation to seek an extension of the discovery period, or forego the discovery.[3]

In short, Samsung did not meet its obligation under Rule 45(c)(1) "to take reasonable steps to avoid imposing undue burden" on Microsoft.  Although Samsung did offer to shorten the deposition and partially streamline the document requests, the burden on Microsoft would still have been the too great in the time allotted; Microsoft would still have had to identify and review the all the documents relating to the development of its inventions and interview inventors.  The allotted time was not reasonable.

At this point, the discovery period in the underlying action is closed.  Samsung took no steps to extend it, even in view of what it claims to be Apple's untimely contentions.  Therefore, the subpoena should be quashed in its entirety.

---

[3] Samsung's reliance (Opp. at 7, n.2) on this Court's Local Rule 16(f) – as allowing discovery responses to be due as late as 120 prior to trial – is similarly misplaced.  Under that rule, that time period is the default standard, "unless otherwise ordered by the court."  The California court did "otherwise order" a discovery close of March 8, not April 2, as the 120 days would calculate to be.  Besides, it is the procedure in California that controls as to the discovery cut-off.  *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123 (M.D. N.C. 1990) (The parties' discovery rights in the district where the subpoena is served can be no greater than in the district of trial).

March 23, 2012                    Respectfully Submitted,

                                              WOODCOCK WASHBURN LLP


                                              By  s/ Michael J. Swope
                                                  Michael J. Swope (WSBA # 31,956)
                                                  999 3rd Ave, Suite 3600
                                                  Seattle, Washington 98104
                                                  206-332-1380

                                                  Gary H. Levin
                                                  2929 Arch Street
                                                  Cira Centre, 12th Floor
                                                  Philadelphia, Pennsylvania 19104
                                                  215-568-3100

                                                  Attorneys for Microsoft Corporation